IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY HENDERSON                                                                              PLAINTIFF

vs.                                                  Civil No. 4:10-cv-04048

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Tommy Henderson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on August 14, 2007. (Tr. 33, 164-172). Plaintiff alleged he was disabled due to the following impairments:

> Pain-neck, left ankle, left shoulder, Hepatitis B and C, Chronic headaches, Depression, Sleeplessness & chronic fatigue, Cannot walk without cane, Left hand- arthritis, pain, weak grip, Constant and daily ringing-both ears 10/06 he was injured

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

> at work but did not report it in time to file for worker's comp. He injured his left shoulder. He has headaches for four months now, daily, and last 1-3 hours. He has to lay down and rest daily. Pain neck left ankle left shoulder hep b c etc

(Tr. 185). Plaintiff alleged an onset date of October 16, 2006. (Tr. 33, 164, 171). These applications were denied initially and again upon reconsideration. (Tr. 103-106).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 46-47). Plaintiff's administrative hearing was held on March 11, 2009 in Texarkana, Arkansas. (Tr. 54-102). Plaintiff was present and was represented by counsel, Monty Murry, at this hearing. *Id.* Plaintiff, Medical Expert ("ME") Betty Feir, and Vocational Expert ("VE") David Elmore testified at the hearing. *Id.*

On May 13, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 33-42). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2008. (Tr. 35, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 16, 2006, his alleged onset date. (Tr. 35, Finding 2). The ALJ determined Plaintiff had the following severe impairments: poly arthralgia and generalized osteoarthritis. (Tr. 35-36, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 36, Finding 4).

The ALJ determined Plaintiff was forty-eight (48) years old on his alleged disability onset date. (Tr. 40, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c). Further, the ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 40, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

2

(Tr. 36-40, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot balance, climb ladders, ropes or scaffolds; cannot work at unprotected heights or around dangerous moving machinery; cannot work in a cold or hot environment; and, he requires a clean working environment. He cannot perform simple routine work.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 40, Finding 6). The ALJ determined Plaintiff's PRW included work as a milk delivery truck driver, heating and air conditioning installation worker, and construction worker. *Id.* The ALJ determined Plaintiff did not retain the capacity to perform any of this PRW. *Id.* The ALJ, however, also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 40-41, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 91-102).

Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations could perform representative occupations such as cashier (unskilled, light) with 45,000 such jobs in the state and 960,000 such jobs in the nation; office helper with 6,200 such jobs in the state and 160,000 such jobs in the nation; and sales attendant with 8,500 such jobs in the state and 180,000 such jobs in the nation. (Tr. 41). The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from October 16, 2006 through the date of his decision or through May 13, 2009. (Tr. 41-42, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. (Tr. 26). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 7, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 21, 2010. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**　**<u>Discussion</u>:**

In his appeal brief, Plaintiff raises two claims: (1) the ALJ erred by failing to give proper weight to the testimony of his treating physician regarding his disability and RFC; and (2) the ALJ erred by concluding his allegations regarding his limitations were not persuasive. ECF No. 11. Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly evaluated his subjective complaints, this Court will only address the second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely summarized the medical records and stated the following:

> In assessing the claimant's statements concerning his condition, *the undersigned finds there is no medical evidence or other evidence to support the claimant's allegations as credible to the extent alleged*. He has chronic back pain, neck pain and he has a history of a left ankle fracture. He began his medical follow-up following his release from prison and has been seen on a monthly basis primally for refills of his medication. He has not experienced any deterioration in his health and according to the records, his overall condition is stable. While he does have some limitations, the undersigned has considered these in assessing his residual functional capacity. However, the record evidence does not support his subjective complaints, including pain, of such severity as to be disabling as defined in the Regulations. The undersigned finds the claimant is not precluded from performing all work related activities.

(Tr. 39-40) (emphasis added).

Instead of discounting Plaintiff's subjective complaints based upon the medical evidence alone, the ALJ should have also evaluated the *Polaski* factors. *See Polaski,* 739 F.2d at 1322 (holding the ALJ cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Indeed, the ALJ should have evaluated Plaintiff's medication because it is particularly telling in this case. Plaintiff testified his alleged disability requires him to take a number of strong prescription pain relievers throughout the day. For instance, Plaintiff testified he takes "from six to about eight" Ultram daily to treat his pain. (Tr. 89). Despite this and other prescription pain medication, the ALJ still found Plaintiff's

subjective complaints of disabling pain were not supported by his treatment records and other medical records.

Further, the ALJ also improperly discounted Plaintiff's subjective complaints based on the fact he "had not experienced any deterioration in his health." (Tr. 40).  The fact Plaintiff's condition may not have deteriorated does not indicate he is not disabled.  Notably, on April 27, 2008, Plaintiff's cervical spine was evaluated, and the radiologist stated the findings from that x-ray were consistent with the results from the September 10, 2007 x-ray. (Tr. 627).  Thus, it appears Plaintiff's condition had not deteriorated.  *Id.*  These results, however, *still support* Plaintiff's subjective allegations regarding his impairments.  *Id.*  The radiologist found Plaintiff had both cervical spondylosis in his cervical spine and generalized osteoporosis.  *Id.*  Both of these findings support his claim he is unable to perform even light work.  Accordingly, upon remand, the ALJ should more fully address Plaintiff's medication, consider his treatment records, and fully consider the other *Polaski* factors.[3]

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of March, 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.